## McGUIRE v. MUTUAL TRANSIT CO.

(District Court, W. D. New York. January 7, 1919.)

No. 1093.

1. SEAMEN ⟝11—DISABLED SEAMAN—DUTY OF SHIP TO FURNISH MEDICAL TREATMENT.

A seaman, suffering from injury or illness in the service of a ship, is entitled to medical treatment and attendance, and the master is required to exercise reasonable judgment as to whether the ship shall stop in the nearest port to provide such care and medical attendance.

2. SEAMEN ⟝11—DISABLED SEAMAN—LIABILITY OF SHIP FOR NEGLECT.

Whether a ship has fully discharged its duty of care and medical attendance to a seaman, who is injured or ill, depends upon the peculiar circumstances of each case.

3. SEAMEN ⟝11—ILLNESS OF SEAMAN IN SERVICE—LIABILITY OF SHIP FOR NEGLECT.

A lake steamship held not liable for neglecting to give medical attendance and care to its steward, who became ill at Duluth with heart trouble, from which he died, where he declined to go to a hospital at Duluth and other ports, continued in service, assured the master that he was suffering from nothing serious, and there were no outward symptoms to advise the master to the contrary.

In Admiralty. Suit by Delia A. McGuire, as executrix of John J. McGuire, deceased, against the Mutual Transit Company. Decree for respondent.

Clinton, Clinton & Striker, of Buffalo, N. Y., for libelant.
Brown, Ely & Richards, of Buffalo, N. Y., for respondent.

HAZEL, District Judge. [1, 2] The rule applicable to this case has been admirably expressed, I think, in The Kenilworth, 144 Fed. 377, 75 C. C. A. 314, 4 L. R. A. (N. S.) 49, 7 Ann Cas. 202, by the Circuit

⟝For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Court of Appeals for the Third Circuit, where it is said that a seaman, suffering from injury in the service of a ship, is entitled to medical treatment and attendance, and that the master is required to exercise reasonable judgment as to whether the ship shall stop in the nearest port to provide such care and medical attendance; and that whether such requirement is fully discharged depends upon the peculiar circumstances of each case. It is, of course, the master's duty to look out and care for the health of his crew, and when a seaman is ill, and no physician is on board, in certain circumstances it may be necessary to send him to a hospital, whether he requests it or not. The M. E. Luckenbach (D. C.) 174 Fed. 265.

[3] The evidential facts of the cases mentioned were much stronger than those with which we are now dealing. It appears that the decedent, McGuire, who was steward of the ship, became ill aboard ship at Duluth, and was suffering from heart trouble; but the master was not then or thereafter informed of the character of the disability, nor could he discern it for himself. On inquiry by the master as to his condition, McGuire made light of his condition, and continued to do so at various times thereafter, and declined to leave the vessel at Duluth for medical attendance, although opportunity was afforded him to do so. The master's solicitude was such that, after leaving Duluth, he daily inquired as to the steward's health, and, when informed that he was suffering with a cold, gave him cough medicine from the ship's medicine chest. At each interview the master was assured by the steward, who continued to attend to his duties, although another seaman was assigned to help him, that he was not suffering from anything serious, and there were no outward symptoms to the contrary. The mate, Fleming, testified that he regarded McGuire as a very sick man who should not have been at work, but who remained on duty because he would not give in. Such testimony, however, even though the master was apprised of the opinion of the mate, was not sufficient to prove that the master was lacking in the exercise of a proper degree of care.

The point is made that a physician should have been called to attend McGuire at various ports where the vessel stopped, but in view of the evidence that the defendant reiterated that his illness was not serious, and that he wanted to reach home as speedily as possible, and intended taking the train for Buffalo at Fairport, it does not seem to me that it can be fairly held that the master was lacking in care in yielding to his request. If his health at the Sault or at Detroit was such as to lead him to think that he required a physician, he could easily have asked for one, and steps no doubt would have been taken to procure one. To my mind, in the absence of more serious external symptoms, there is nothing to indicate a failure or unwillingness on the part of the master to perform his full duty toward the steward. Since there was nothing in the conduct or appearance of McGuire, so far as the evidence discloses, to give warning that he was likely to be stricken with heart failure, the master was not at fault for failing to leave him at one of the ports mentioned or to provide him with a physician.

The facts of The M. E. Luckenbach, supra, to which importance is attached by libelant, were essentially different. In that case the fireman was suffering with typhoid fever, and, with the knowledge of the master, was unable to appear for work or inspection; another man being employed in his place. He had requested a doctor in Colon, and had asked to be sent to a hospital; but the master of the ship had informed him that it was not a desirable place to leave him, and that he would take him to Newport News. The court held that it was not even necessary for libelant to ask for a doctor, or request to be sent to a hospital, where the illness was such that it was apparent that the attention of a physician was required. In this case the illness was not apparent, and in my opinion the evidence does not justify the inference that the death of the decedent was due to failure by respondent to properly discharge a duty owing to him as a seaman, and therefore the libel is dismissed.

It was urged by respondent that no cause of action existed at common law or under the maritime law for the wrongful act in question, and that the statute under which the action is brought is not pleaded, but in view of the conclusions reached, this need not be passed upon.